AMOUNT $ 250
SUMMONS ISSUED N/F
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK. M
8-3-05

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

---

MICHAEL SEALY,
**Plaintiff,**

v.

G. CONWAY, INC.,
**Defendant.**

---

# 05 11615 RCL

~~MAGISTRATE~~ JUDGE Collings

## DEFENDANT'S NOTICE OF REMOVAL

The defendant G. Conway, Inc. ("G. Conway") hereby removes the within action from the Suffolk Superior Court (Suffolk County), Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As grounds for the removal of this action, the defendant states as follows:

(1)     The plaintiff Michael Sealy ("Sealy") commenced a civil action in Suffolk Superior Court on or about June 30, 2005, captioned *Michael Sealy v. G. Conway, Inc.*, Suffolk Superior Court, Civil Action No. 05-02699E;

(2)     Service of the Summons and Complaint was made in hand on G. Conway on July 20, 2005;

(3)     The plaintiff's Complaint alleges that G. Conway retaliated against him because he complained about what he perceived to be discrimination on the basis of his race;

(4)     The plaintiff claims that the alleged conduct violated Massachusetts General Laws Chapter 151B and the federal statute commonly known as Title VII of the Civil Rights Act of 1964;

(5)     The plaintiff has a usual residence in Dorchester, Massachusetts;

(6)     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

Attached hereto, pursuant to 28 U.S.C. §1446(a), are copies of the Summons and Complaint with which the defendant was served by hand in this matter.

G. CONWAY, INC.,

By their attorneys,

Rosanna Sattler, BBO #442760
Nancy J. Puleo, Esq., BBO# 648457
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA   02199-8004
(617) 973-6100

## CERTIFICATE OF SERVICE

I, Nancy J. Puleo, Esquire of Posternak Blankstein & Lund LLP, hereby certify that on this _3_ day of August, 2005 I caused a copy of the above to be served by first-class mail to Andrew M. Abraham, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA 02110.

Nancy J. Puleo

# Commonwealth of Massachusetts

## RECEIVED

SUFFOLK, ss.

JUL 2 0 2005

G. CONWAY, INC.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-02699E

Michael Sealy

———————————————— , Plaintiff(s)

v.

G. Conway, Inc. ———————— , Defendant(s)

## SUMMONS

To the above-named Defendant: G. Conway, Inc.

You are hereby summoned and required to serve upon____Andrew M. Abraham,
30 Rowes Wharf, Boston, MA 02110

plaintiff's attorney, whose address is____30 Rowes Wharf, Boston, MA 0211 an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the_____ day of
_____ , in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                SUPERIOR COURT
                                           CIVIL ACTION NO:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL SEALY           )
        Plaintiff       )
                        )
v.                      )
                        )
G. CONWAY, INC.         )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S COMPLAINT AND JURY CLAIM

### PARTIES

1.    The Plaintiff, Michael Sealy, is an adult resident of the Commonwealth, residing
      at 301 Norwell Street, Dorchester, County of Suffolk, Massachusetts.

2.    The Defendant G. Conway, Inc. is a Massachusetts Corporation with a principal
      place of business 380 Rutherford Avenue, Charlestown, County of Suffolk.

### FACTS

3.    The Plaintiff was employed at G. Conway, Inc from 1999 until June 26, 2003 as a
      non union truck driver.

4.    During that time, the Plaintiff was, in part, supervised by Russell Bouser, a
      foreman for G. Conway, Inc.

5.    During the course of supervising him, Mr. Bauser racially harassed
      Plaintiff, repeatedly calling him a "minority nigger" or telling him he looked like
      an "Alabama nigger." These incidents were in public, completely inappropriate
      and created a racially hostile work environment.

6.    At first, Plaintiff did not complain about these incidents even though they
      bothered him.

7.    However, in one particular incident, Mr. Bauser said in public that there were "no
      niggers allowed." This incident occurred on or about June 23, 2001, a Saturday.

8.    After this incident, Plaintiff complained to upper management telling him that this
      incident was not the first time.

9.  Upper management's response was to promise him an investigation and to rectify the situation immediately and they would take care of it Monday..

10. In fact, G. Conway's response was to punish Mr. Sealy by keeping him away from Mr. Bauser. This was an adverse employment action as Mr. Bauser often supervised higher paying jobs. Further, Mr. Sealy was put in a 6 wheel truck versus a 10 wheel truck. Upon information and belief, there was no adverse action taken against Mr. Bauser and there was no investigation at the time.

11. As was customary, Plaintiff was laid off in the fall of 2001 and rehired in the spring of 2002.

12. When Plaintiff returned to work in the Spring of 2002, the continuous adverse action continued and Defendant continued to make Mr. Sealy feel uncomfortable about his complaints. His inferior employment status was repeated and continued financial losses were incurred by Plaintiff.

13. In the fall of 2002, the Plaintiff was laid off.

14. Unlike every other spring that he was with the Company, Plaintiff was not hired back in the Spring of 2003 and was mailed his notice of termination on June 26, 2003. The reason given for his termination was pretextual.

15. Plaintiff was not hired back in retaliation for his complaints of racial harassment.

16. On July 3, 2003, Plaintiff filed his Complaint with the EEOC through the MCAD.

17. In September, 2004, the EEOC found that a preponderance of the evidence indicates that the Plaintiff was not rehired in 20903 due to his complaint of discrimination in violation of Title VII of the Civil Rights Act of 1964.

18. On March 30, 2005, the EEOC issued a Notice of the Right to Sue, giving Plaintiff the right to sue in either Federal or State Court within 90 days.

## COUNT I

### (Violation of Title VII)

Plaintiff repeats and realleges paragraphs 1-18 as though fully set firth herein.

19. The conduct as described above violates Title VII of the Civil Rights Act of 1964.

20. As a direct result of Defendant's retaliatory conduct hereinabove described, Plaintiff has caused the Plaintiff to suffer damages, including but not limited to lost wages, lost earning capacity, humiliation, and emotional distress.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law as well as attorneys fees.

*PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.*

## COUNT II

(Violation of G.L. c. 151B)

Plaintiff repeats and realleges paragraphs 1-20 as though fully set firth herein.

21.    The conduct as described above violates G.L. c. 151B

22.    As a direct result of Defendant's retaliatory conduct hereinabove described, Plaintiff has caused the Plaintiff to suffer damages, including but not limited to lost wages, lost earning capacity, humiliation, and emotional distress.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law as well as attorneys fees.

*PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.*

Respectfully submitted,
Michael Sealy
By his Attorney

Andrew M. Abraham, Esq., BBO No. 631167
Paul K. Baker, Esq., BBO No. 631221
BAKER & ABRAHAM, P.C.
30 Rowes Wharf
Boston, MA 02110
(617) 330-1330

Dated:

**1615 RCL**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Michael Sealy

## DEFENDANTS

G. Conway, Inc.

**(b)** County of Residence of First Listed Plaintiff    Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Andrew M. Abraham, Esquire, Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA 02110 (617-330-1330)

Attorneys (If Known) (617-973-6100)

Rosanna Sattler, Esquire, Nancy J. Puleo, Esquire, Posternak Blankstein & Lund LLP, 800 Boylston Street, 33rd Floor, Boston, MA 02199

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964

Brief description of cause:
Plaintiff alleges retaliation by defendant, his former employer, in violation of Title VII.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE      DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)   Michael Sealy v. G. Conway, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   [ ] I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓] II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   [ ] III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ] IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.     150, 152, 153.

   # 05  11615 RCL

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES [ ]      NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)
                                                                    YES [ ]      NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES [ ]      NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES [ ]      NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES [✓]      NO [ ]

          A.     If yes, in which division do all of the non-governmental parties reside?

                 Eastern Division [✓]        Central Division [ ]        Western Division [ ]

          B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
                 residing in Massachusetts reside?

                 Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)
                                                                    YES [ ]      NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Rosanna Sattler, BBO No. 442760, Nancy J. Puleo, BBO No. 648457

ADDRESS   Posternak Blankstein & Lund, LLP, 800 Boylston Street, Boston, MA 02199

TELEPHONE NO.   617-973-6100

(CategoryForm.wpd  - 5/2/05)