

**POSTERNAK BLANKSTEIN & LUND LLP**

FILED
IN CLERKS OFFICE

2005 NOV 21 P 3: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

November 21, 2005

Nancy J. Puleo
617-973-6124
617-722-4997 FAX
npuleo@pbl.com

**Via Hand Delivery**

Lisa Hourihan, Clerk
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: **Sealy v. G. Conway, Inc.**
**United States District Court Civil Action No. 05-11615 RCL**

Dear Ms. Hourihan:

Enclosed please find the entire certified record from Suffolk Superior Court. Thank you for your attention to this matter and please do not hesitate to contact me with any questions or comments.

If you have any questions, please feel free to contact me.

Very truly yours,

Nancy J. Puleo

cc: Rosanna Sattler, Esquire (w/out enclosures)

NJP\jms
Enclosures

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT
                                               CIVIL ACTION NO:

                                               05-2699-E

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
MICHAEL SEALY            )
      Plaintiff          )
                         )
v.                       )
                         )
G. CONWAY, INC.          )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S COMPLAINT AND JURY CLAIM

### PARTIES

1. The Plaintiff, Michael Sealy, is an adult resident of the Commonwealth residing at 301 Norwell Street, Dorchester, County of Suffolk, Massachusetts.

2. The Defendant G. Conway, Inc. is a Massachusetts Corporation with a principal place of business 380 Rutherford Avenue, Charlestown, County of Suffolk.

### FACTS

3. The Plaintiff was employed at G. Conway, Inc from 1999 until June 26, 2003 as a non union truck driver.

4. During that time, the Plaintiff was, in part, supervised by Russell Bouser, a foreman for G. Conway, Inc.

5. During the course of supervising him, Mr. Bauser racially harassed Plaintiff, repeatedly calling him a "minority nigger" or telling him he looked like an "Alabama nigger." These incidents were in public, completely inappropriate and created a racially hostile work environment.

6. At first, Plaintiff did not complain about these incidents even though they bothered him.

7. However, in one particular incident, Mr. Bauser said in public that there were "no niggers allowed." This incident occurred on or about June 23, 2001, a Saturday.

8. After this incident, Plaintiff complained to upper management telling him that this incident was not the first time.

9. Upper management's response was to promise him an investigation and to rectify the situation immediately and they would take care of it Monday..

10. In fact, G. Conway's response was to punish Mr. Sealy by keeping him away from Mr. Bauser. This was an adverse employment action as Mr. Bauser often supervised higher paying jobs. Further, Mr. Sealy was put in a 6 wheel truck versus a 10 wheel truck. Upon information and belief, there was no adverse action taken against Mr. Bauser and there was no investigation at the time.

11. As was customary, Plaintiff was laid off in the fall of 2001 and rehired in the spring of 2002.

12. When Plaintiff returned to work in the Spring of 2002, the continuous adverse action continued and Defendant continued to make Mr. Sealy feel uncomfortable about his complaints. His inferior employment status was repeated and continued financial losses were incurred by Plaintiff.

13. In the fall of 2002, the Plaintiff was laid off.

14. Unlike every other spring that he was with the Company, Plaintiff was not hired back in the Spring of 2003 and was mailed his notice of termination on June 26, 2003. The reason given for his termination was pretextual.

15. Plaintiff was not hired back in retaliation for his complaints of racial harassment.

16. On July 3, 2003, Plaintiff filed his Complaint with the EEOC through the MCAD.

17. In September, 2004, the EEOC found that a preponderance of the evidence indicates that the Plaintiff was not rehired in 20903 due to his complaint of discrimination in violation of Title VII of the Civil Rights Act of 1964.

18. On March 30, 2005, the EEOC issued a Notice of the Right to Sue, giving Plaintiff the right to sue in either Federal or State Court within 90 days.

## COUNT I

(Violation of Title VII)

Plaintiff repeats and realleges paragraphs 1-18 as though fully set firth herein.

19. The conduct as described above violates Title VII of the Civil Rights Act of 1964.

20. As a direct result of Defendant's retaliatory conduct hereinabove described, Plaintiff has caused the Plaintiff to suffer damages, including but not limited to lost wages, lost earning capacity, humiliation, and emotional distress.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law as well as attorneys fees.

*PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.*

## COUNT II

(Violation of G.L. c. 151B)

Plaintiff repeats and realleges paragraphs 1-20 as though fully set firth herein.

21. The conduct as described above violates G.L. c. 151B

22. As a direct result of Defendant's retaliatory conduct hereinabove described, Plaintiff has caused the Plaintiff to suffer damages, including but not limited to lost wages, lost earning capacity, humiliation, and emotional distress.

WHEREFORE, the Plaintiff prays judgment and damages of the Defendant herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law as well as attorneys fees.

*PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.*

Respectfully submitted,
Michael Sealy
By his Attorney

Andrew M. Abraham, Esq., BBO No. 631167
Paul K. Baker, Esq., BBO No. 631221
BAKER & ABRAHAM, P.C.
30 Rowes Wharf
Boston, MA 02110
(617) 330-1330

I HEREBY ATTEST AND CERTIFY ON AUGUST 9, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO. 05-2695 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| MICHAEL SEALY | G. CONWAY INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Andrew M. Abraham, Esq., BBO# 631167<br>Baker & Abraham, P.C.<br>30 Rowes Wharf, Boston, MA 02110<br>Board of Bar Overseers number: 617-330-1330 | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses
2. Total Doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe)
   Subtotal $
B. Documented lost wages and compensation to date ................ $ 5,000
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ............................. $ 10,000
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   The Plaintiff has suffered economical loss and emotional distress
   due to the retaliation of G. Conway, Inc.          $
                                                      TOTAL $ 15,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                      TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 6/14/03

OTC-6 mtc005-11/99
O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
AUGUST 9, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
    ASSISTANT CLERK

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-02699E

Michael Sealy

, Plaintiff(s)

v.

G. Conway, Inc.

, Defendant(s)

## SUMMONS

To the above-named Defendant: G. Conway, Inc.

You are hereby summoned and required to serve upon Andrew M. Abraham, 30 Rowes Wharf, Boston, MA 02110

plaintiff's attorney, whose address is 30 Rowes Wharf, Boston, MA 02110 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

AUGUST 9, 2005 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *[signature]*
ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

4.

SUFFOLK, SS.                              SUPERIOR COURT
                                          Civil Action No. 05-02699E

MICHAEL SEALY,
    Plaintiff,

v.

G. CONWAY, INC.,
    Defendant.

### G. CONWAY, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, G. Conway, Inc. ("G. Conway") answers the Complaint and Jury Claim filed by the plaintiff, Michael Sealy ("Sealy") as follows:

#### Parties

1.  G. Conway is without information sufficient to enable it to form a belief as to the truth of the allegations contained in this paragraph.

2.  Admitted.

#### Facts

3.  G. Conway admits that it employed the plaintiff as a non-union truck driver beginning in 1999. G. Conway denies the remaining allegations in this paragraph.

4.  G. Conway admits that during the course of the plaintiff's employment, he was, in part, supervised by Russell Bowser, a foreman for G. Conway.

5.  Denied.

1

6.  G. Conway is without information sufficient to enable it form a belief as to the truth of the allegations contained in this paragraph.

7.  Denied.

8.  G. Conway admits that in or around July of 2001, the plaintiff complained to certain of G. Conway's management level employees about a comment that he attributed to Russell Bowser. G. Conway denies the remaining allegations contained in this paragraph.

9.  G. Conway admits that upon receiving the plaintiff's complaint against Mr. Bowser, certain of its management level employees indicated their intent to investigate the plaintiff's complaint and that the plaintiff's complaint was investigated. G. Conway denies the remaining allegations contained in this paragraph.

10. Denied.

11. G. Conway admits that the plaintiff was laid off in or around the fall of 2001 and rehired in or around the spring of 2002. G. Conway denies the remaining allegations contained in this paragraph.

12. Denied.

13. G. Conway admits that in or around the fall of 2002, the plaintiff was laid off.

14. Denied.

15. Denied.

16. G. Conway admits that on or about July 3, 2003, the plaintiff filed a Charge of Discrimination with the EEOC against G. Conway. G. Conway denies the remaining allegations contained in this paragraph.

2

17. G. Conway admits that on September 14, 2004, the EEOC issued a "Determination" and that the document speaks for itself. G. Conway denies the remaining allegations contained in this paragraph.

18. G. Conway admits that on or about March 30, 2005, the EEOC issued the plaintiff a Notice of the Right to Sue and that the document speaks for itself. G. Conway denies the remaining allegations contained in this paragraph.

## Count I

### (Violation of Title VII)

19. Denied.

20. Denied.

The remainder of Count I is a prayer for relief requiring neither admission nor denial by G. Conway. To the extent that a prayer for relief gives rise to any inference that the plaintiff is entitled to any remedy or relief from G. Conway, such inference is denied.

## Count II

### (Violation of G.L. c. 151B)

21. Denied.

22. Denied

The remainder of Count II is a prayer for relief requiring neither admission nor denial by G. Conway. To the extent that a prayer for relief gives rise to any inference that the plaintiff is entitled to any remedy or relief from G. Conway, such inference is denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, or parts thereof, fails to state a claim upon which relief may be granted.

3

## SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by the plaintiff are not recoverable as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff has no damages or has failed to reasonably mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

There is no legal or factual basis for punitive damages in this case.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff cannot state a *prima facie* case of race discrimination.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, because he failed to exhaust administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

ID # 438674v01/1268-113/ 07.29.2005

## TENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of subject matter jurisdiction.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the plaintiff has been damaged, which G. Conway denies, any such damage was caused by the plaintiff's own acts or omissions.

## TWELTH AFFIRMATIVE DEFENSE

The plaintiff has failed to establish a *prima facie* case of retaliation.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff did not complain with respect to the conduct described in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, or parts thereof, is barred by the exclusivity provisions of the Workers' Compensation Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

All employment decisions taken with respect to the plaintiff were for legitimate and non-discriminatory business reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff has pleaded his retaliation claims under M.G.L. Chapter 151B, his claims fail because he never engaged in any conduct protected by Chapter 151B.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to some or all of the relief requested in the Complaint because G. Conway would have taken the same action with regard to the plaintiff's employment regardless of any alleged impermissible factors.

### EIGHTEENTH AFFIRMATIVE DEFENSE

All claims and allegations of discrimination that were not included in the plaintiff's charge filed with the EEOC and/or MCAD or investigated by the EEOC and/or the MCAD are barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

### NINETEENTH AFFIRMATIVE DEFENSE

G. Conway does not waive any defense and reserves the right to amend and/or add any additional defense or counterclaims that may become known during the course of discovery or further proceedings.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiff in this litigation are wholly insubstantial, frivolous and not advanced in good faith and, therefore, G. Conway is entitled to its attorneys' fees, costs, expenses and interest as set forth in M.G.L. Chapter 231, Section 6F.

### PRAYERS FOR RELIEF

G. Conway hereby requests that this Court:

1. Dismiss the Plaintiff's complaint with prejudice;
2. Enter judgment in favor of G. Conway and against the plaintiff;
3. Award G. Conway its costs, including reasonable attorney's fees; and

Order other further relief as this Honorable Court deems just.

G. CONWAY, INC.,

By their attorneys,

I HEREBY ATTEST AND CERTIFY ON
AUGUST 9, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
        ASSISTANT CLERK

_____
Rosanna Sattler, BBO #442760
Nancy J. Puleo, Esq., BBO# 648457
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA   02199-8004
(617) 973-6100

### CERTIFICATE OF SERVICE

I, Nancy J. Puleo, Esquire of Posternak Blankstein & Lund LLP, hereby certify that on this 27 day of July, 2005 I caused a copy of the above to be served by first-class mail to Andrew M. Abraham, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA 02110.

_____
Nancy J. Puleo

7



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

MICHAEL SEALY,
Plaintiff,

v.

G. CONWAY, INC.,
Defendant.

05 11615 RCL

### DEFENDANT'S NOTICE OF REMOVAL

The defendant G. Conway, Inc. ("G. Conway") hereby removes the within action from the Suffolk Superior Court (Suffolk County), Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As grounds for the removal of this action, the defendant states as follows:

(1) The plaintiff Michael Sealy ("Sealy") commenced a civil action in Suffolk Superior Court on or about June 30, 2005, captioned *Michael Sealy v. G. Conway, Inc.*, Suffolk Superior Court, Civil Action No. 05-02699E;

(2) Service of the Summons and Complaint was made in hand on G. Conway on July 20, 2005;

(3) The plaintiff's Complaint alleges that G. Conway retaliated against him because he complained about what he perceived to be discrimination on the basis of his race;

(4) The plaintiff claims that the alleged conduct violated Massachusetts General Laws Chapter 151B and the federal statute commonly known as Title VII of the Civil Rights Act of 1964;

(5) The plaintiff has a usual residence in Dorchester, Massachusetts;

(6) This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

ID # 438884v01/1268-113/ 08.03.2005

Attached hereto, pursuant to 28 U.S.C. §1446(a), are copies of the Summons and Complaint with which the defendant was served by hand in this matter.

G. CONWAY, INC.,

By their attorneys,

_____
Rosanna Sattler, BBO #442760
Nancy J. Puleo, Esq., BBO# 648457
Posternak Blankstein & Lund LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
(617) 973-6100

### CERTIFICATE OF SERVICE

I, Nancy J. Puleo, Esquire of Posternak Blankstein & Lund LLP, hereby certify that on this 3 day of August, 2005 I caused a copy of the above to be served by first-class mail to Andrew M. Abraham, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA 02110.

_____
Nancy J. Puleo

ID # 438884v01/1268-113/ 08.03.2005

-2-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11615 RCL

MICHAEL SEALY,
    Plaintiff,

v.

G. CONWAY, INC.,
    Defendant.

### DEFENDANT'S NOTICE OF REMOVAL

The defendant G. Conway, Inc. ("G. Conway") hereby removes the within action from the Suffolk Superior Court (Suffolk County), Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As grounds for the removal of this action, the defendant states as follows:

(1)    The plaintiff Michael Sealy ("Sealy") commenced a civil action in Suffolk Superior Court on or about June 30, 2005, captioned *Michael Sealy v. G. Conway, Inc.*, Suffolk Superior Court, Civil Action No. 05-02699E;

(2)    Service of the Summons and Complaint was made in hand on G. Conway on July 20, 2005;

(3)    The plaintiff's Complaint alleges that G. Conway retaliated against him because he complained about what he perceived to be discrimination on the basis of his race;

(4)    The plaintiff claims that the alleged conduct violated Massachusetts General Laws Chapter 151B and the federal statute commonly known as Title VII of the Civil Rights Act of 1964;

(5)    The plaintiff has a usual residence in Dorchester, Massachusetts;

(6)    This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

## **CERTIFICATE OF SERVICE**

I, Nancy J. Puleo, Esquire of Posternak Blankstein & Lund LLP, hereby certify that on this 3 day of August, 2005 I caused a copy of the above to be served by first-class mail to Andrew M. Abraham, Esq., Baker & Abraham, P.C., 30 Rowes Wharf, Boston, MA 02110.

_____
Nancy J. Puleo

ID # 433151v01/14548-2/ 08.03.2005