UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11615 RCL

MICHAEL SEALY,
    Plaintiff,

v.

G. CONWAY, INC.,
    Defendant.

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant and subject to the provisions of Rule 16.1 of the Local Rules of the United States District Court for the District of Massachusetts, counsel for both parties have conferred concerning an agenda of matters to be discussed at the scheduling conference (presently scheduled for December 14, 2005) and a proposed pretrial schedule for the case, and hereby submit the following Joint Statement:

1. **Proposed Agenda**

The parties suggest that an appropriate agenda for the scheduling conference would include setting a pretrial schedule and discussing potential ADR options.

2. **Pending Motions**

There are no pending motions.

3. **Summary of Position Asserted by Plaintiff**

The Plaintiff asserts that Defendant took adverse employment action against him due to his race and in retaliation for complaining about a racially hostile work environment. For years, Plaintiff was subject to a racially hostile work environment. He was called a "nigger" at least three times by his supervisor. At first, Plaintiff tried to endure the environment but, after the

third time, he approached management at Defendant about the issue. Plaintiff first complained in the 2001. He was assured that they would get to the bottom of the issue. Plaintiff knows of no investigation into this matter. As soon as Plaintiff complained to management about the racially hostile work environment, Plaintiff received lower paying jobs and inferior positions.

Late in June, 2003, Defendant called Mr. Sealy to offer him his job back. Mr. Sealy then responded on June 24, 2003 in writing stating that he has been the subject of continued racial discrimination. On June 26, 2003, Defendant terminated Plaintiff. They sent two different letters signed by the same person giving two different reasons why his employment was terminated. The first reason was that they could not locate him (apparently they could locate him to ask him back and tofire him). The second reason is that they terminated his employment due to a downturn in business. In fact, while they fired Plaintiff, they hired another driver without contacting Plaintiff to offer him the position.

On July 3, 2003, Plaintiff filed his Complaint with the EEOC through the MCAD. In September, 2004, the EEOC found that a preponderance of the evidence indicates that the Plaintiff was not rehired in 2003 due to his complaint of discrimination in violation of Title VII of the Civil Rights Act of 1964.On March 30, 2005, the EEOC issued a Notice of the Right to Sue, giving Plaintiff the right to sue in either Federal or State Court within 90 days.

Plaintiff seeks his lost wages, humiliation and emotional distress and any and all remedies Under both Title VII of the Civil Rights Act and G.L. c. 151B.

4.      **Summary of Position Asserted by Defendant**

The Defendant asserts that Plaintiff's claim of retaliation is groundless and lacks merit. The Defendant employed Plaintiff as a truck driver. He was laid off during the winter months each year due to the seasonal nature of the Defendant's trucking business and rehired once work became available. In June or July of 2001, the Defendant received a complaint from Plaintiff to the effect that a co-worker was making discriminatory remarks towards him. The Defendant acknowledged its receipt of the Plaintiff's complaint in a letter to him dated July 9, 2001. The

letter specifically conveyed the Defendant's intent to arrange a meeting to collect and analyze the facts of his complaint from all parties involved. The Defendant followed through on its intent and on or about July 17, 2005, interviewed the co-worker who allegedly made the remarks. The Plaintiff elected not to be in the room when the co-worked was interviewed. The co-worked denied making any remarks to the Plaintiff. The Defendant informed the Plaintiff of the results of its interview of the co-worker and that the investigation was concluded. The Defendant denies that any adverse action was taken against Plaintiff as a result of his complaint. The absence of retaliation on behalf of the Defendant is evidenced by the fact that the Defendant rehired the Plaintiff in May of 2002, **after** he lodged his complaint in the summer of 2001.

The Defendant contends that in early or mid June of 2003, following the Plaintiff's routine seasonal lay-off, two of its employees contacted him on a few occasions to inquire of his availability for a non-permanent job. The Plaintiff never returned the Defendant's phone calls, forcing the Defendant to use an independent trucking company to complete the job. After the job was completed, the Plaintiff finally returned the Defendant's telephone calls. The Plaintiff was told that the Defendant did not have any trucking jobs at that time and that it was in the process of bidding on jobs. The Plaintiff told the Defendant that he was working on his house and preferred to continue collecting unemployment rather than work. In late June of 2003, the Defendant made a legitimate business decision not to rehire the Plaintiff due to lack of work for him, the inability to reach him for the job earlier in the month and his own statement that he would prefer not to work and collect unemployment. The Defendant denies hiring another truck driver to replace the Plaintiff. The lack of retaliation attributable to G. Conway is evidenced by the fact that it continued to pay the Plaintiff's full health benefits from the time of his lay-off in December of 2002 through June 30, 2003. If the Defendant had not intended to rehire the

ID # 451473v01/1268-113/ 12.08 2005

Plaintiff based on a retaliatory motive, it would not have incurred the cost of his expensive health benefits for six months.

5.  **Proposed Pre-Trial Schedule**

(a)  Initial Disclosures pursuant to Local Rule 26.2 (A) shall be filed no later than December 28, 2005.

(b)  Naming Additional Parties, Amending Pleadings: These requests shall be filed by April 3, 2006.

(c)  Fact Discovery: All fact discovery shall be completed on or before August 31, 2006.

(d)  Expert Witness Disclosures: Plaintiff's expert disclosures shall be made on or before October 2, 2006, and defendant's disclosures within 60 days after plaintiff's are complete.

(e)  Expert Discovery: If any, it shall be completed following fact discovery and expert disclosures, by January 16, 2007.

(f)  Summary Judgment Motions: Any such motions shall be filed on or before March 1, 2006. Oppositions shall be due March 31, 2007. Any reply to opposition shall be due on or before April 14, 2007.

(g)  Final Pretrial Conference: May 1, 2007 or as scheduled by the Court.

(h)  Trial date: June 1, 2007 or as scheduled by the Court.

6.  **Trial by Magistrate Judge**

Neither party consents to trial by Magistrate Judge. Both parties expressly request trial by jury. The parties jointly estimate that the trial will require three to five days.

7.  **Rule 16.1(c) Settlement Proposals**

Plaintiff's current demand is $100,000. The Defendant has made a settlement offer of $6,000.

| | |
|---|---|
| MICHAEL SEALY,<br>By his attorney, | G. CONWAY, INC.,<br>By their attorneys, |
| *(signature)*<br>Andrew M. Abraham, BBO #631167<br>Baker & Abraham, P.C.<br>30 Rowes Wharf<br>Boston, MA 02110<br>(617) 330-1330 | *(signature)*<br>Rosanna Sattler, BBO #442760<br>Nancy J. Puleo, BBO #648457<br>Posternak Blankstein & Lund LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199-8004<br>(617) 973-6100 |

ID # 451473v01/1268-113/ 12.08.2005