UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL SEALY )<br>    Plaintiff )<br>)<br>v. )<br>)<br>G. CONWAY, INC. )<br>    Defendant )<br>) | Civil Action No. 05-11615-RCL |

**PLAINTIFF'S INITIAL DISLCOSURES PURSUANT TO F.R.C.P. 26**

**A.   Plaintiff's Witnesses**

1. **Michael Sealy, 301 Norwell Street, Dorchester, MA 02124, 617-825-2286**

   Mr. Sealy will testify regarding the events leading to his termination of employment from G. Conway, Inc. Mr. Sealy will also testify as to the effect it has had on his life.

2. **Tracy Chambers, 301 Norwell Street, Dorchester, MA 02124, 617-825-2286.**

   Ms. Chambers will testify regarding the effect that Defendant's actions have had upon Mr. Sealy.

3. **Kevin Raposa, address unknown.**

   Mr. Raposa will testify regarding the racially hostile work environment for Mr. Sealy that existed at G. Conway, Inc.

4. **Alan Funk, works for the MBTA, address unknown**

   Mr. Funk will testify as to the Complaints made by Mr. Sealy regarding the racially hostile work environment.

5. **Michael Borg, address unknown**

   Mr. Borg will testify regarding the racially hostile work environment for Mr. Sealy that existed at G. Conway, Inc.

6. **Rusell Bowser, address unknown**

Mr. Bowser is the person who created the racially hostile work environment.

7. **Robert Conway, address unknown**

Mr. Conway is believed to have information regarding Mr. Sealy's complaints about the racially hostile work environment.

8. **George Moccia, address unknown.**

Mr. Moccia is the author of the two letters stating two different reasons why Mr. Sealy was not asked to return and also authors a letter acknowledging receipt of the harassment claim in 2001.

In addition to these persons, there may be persons in Defendant's employ that may have discoverable information. Plaintiff reserves the right to supplement this list.

**B.   Documents**

1. Tax Returns-Plaintiff will make his tax returns available to Defendant upon receipt of same.

2. Plaintiff's Work records at G. Conway, Inc.-said records were requested in May, 2005 but never produced.

3. Plaintiff's June 23, 2001 letter to G. Conway, Inc.

4. George Moccia's July 9, 2001 letter acknowledging receipt.

5. Michael Sealy's June 24, 2003 letter to G. Conway, Inc.

     6.    George Moccia's June 26, 2003 letters terminating employment.

**C.    Damages**

Plaintiff seeks lost wages. An accurate computation cannot be completed until Defendant produces Mr. Sealy's employment file that was requested in May, 2005 but never produced.

                        Respectfully submitted,
                        Michael Sealy,
                        By His Attorney

                        _____
                        Andrew M. Abraham, Esq.
                        BBO #631167
                        Baker & Abraham, P.C.
                        30 Rowes Wharf, Suite 410
                        Boston, MA 02110
                        (617)330-1330

Dated: December 27, 2005